***********
The Full Commission reviewed the December 23, 2008 Order of Deputy Commissioner Griffin, based upon the record of the proceeding before the Deputy Commissioner and the briefs, oral arguments of the parties and the additional documents (if any) submitted to the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or to rehear the parties or their representatives. Upon review, the Full Commission enters the following Order affirming the decision of the Deputy Commissioner:
 ***********
The Full Commission finds that this medical issue arises from a compensable right shoulder injury that plaintiff sustained on August 4, 2006. Defendants accepted the claim on a Form 60 and have paid indemnity and ongoing medical compensation. Plaintiff underwent *Page 2 
shoulder arthroscopy surgery on October 12, 2006 for a right full thickness rotator cuff tear. Plaintiff has been receiving continuing treatment for his right shoulder condition. On June 12, 2007, plaintiff's physician recommended a revision arthroscopic right shoulder surgery, which is the subject of the current medical dispute as described below.
Following his injury, plaintiff returned to work, but subsequently accepted employment with a new employer in February 2007. On July 30, 2007, plaintiff sustained a back injury in his new employment for which he is currently receiving temporary total disability compensation. As a result of plaintiff's back injury, spine surgery has been recommended. Plaintiff wants to proceed with his spine surgery before he undergoes the shoulder surgery. The defendants in the back injury claim have not been made a party to this claim.
Defendants in the above-captioned case have filed a motion to compel plaintiff to undergo the shoulder surgery before proceeding with the back surgery. Defendants contend that plaintiff's shoulder condition presents an emergency situation, which requires immediate medical attention. However, it does not appear that defendants initially treated Dr. Jeremy Johnson's June 12, 2007 recommendation for a revision shoulder surgery as an emergency situation. When approval for the surgery was sought, defendants obtained an independent medical examination, which was not completed until September 10, 2007 and it appears from the evidence that defendants first approved plaintiff for the recommended shoulder surgery during mediation on or about August 4, 2008.
With respect to the medical evidence, defendants have submitted in support of their motion the following medical note by Dr. Barron:
 It is my medical opinion that he should proceed with rotator cuff repair as soon as possible. The natural history of a recurrent rotator cuff tear is retraction and increased difficulty of full repair. This occasionaly [sic] results in a non[-]repairable rotator cuff that *Page 3 
does require arthroplasty. If he does however have neurologic findings and[/]or retractable pain because of his spine issue then that would super cede [sic] his surgical indication of the shoulder. If a decision is made to have the spine treated first then in my opinion this should be done expeditiously and the patient seen soon [sic] as possible after the patient is cleared per the spine surgeon to proceed with surgical management for the shoulder.
 In summary. the [sic] patient does require additional rotator cuff repair and that should be done as soon as possible provided that it's in his overall best interest. It [sic] is in his best interest to proceed with spine surgery initially then I recommend that be done as soon as possible and then he be cleared for rotator cuff repair soon thereafter by the spine surgeon. . . .
Plaintiff has presented the following September 6, 2008 medical note from Dr. Vinay Deshmukh establishing the need for his spine surgery: "I believe that a L3-4 fusion is a reasonable option should the patient be persistently impaired despite maximum medical therapy." Additionally, based upon the record before the Full Commission, plaintiff, by letter to defendant-carrier on September 30, 2008 in his back claim, requested that his spine fusion surgery be expedited. This request occurred before defendants in the instant case filed a Form 33 Request for Hearing and Expedited Medical Motion seeking to compel plaintiff to proceed with the shoulder surgery first.
The scheduling of the back surgery appears to already be in progress and is proceeding expeditiously.
The Full Commission finds and concludes that the medical opinion of Dr. Barron and the other evidence presented do not establish sufficient grounds to compel plaintiff to proceed with the shoulder surgery first. N.C. Gen. Stat. § 97-25 provides in pertinent part:
 Medical compensation shall be provided by the employer. In case of a controversy arising between the employer and employee relative to the continuance of medical, surgical, hospital or other treatment, the Industrial Commission may order such further *Page 4 
treatments as may in the discretion of the Commission be necessary.
The Full Commission concludes, based upon the greater weight of the evidence, that both the shoulder surgery and the back surgery that have been recommended for plaintiff are reasonably necessary to effect a cure, provide relief, or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25; Schofield v. Great Atlantic Pacific Tea Co., 299 N.C. 582, 264 S.E.2d 56 (1980). However, the Full Commission in its discretion concludes that it is in the "overall best interest" of plaintiff to first proceed with the recommended back surgery in the claim from which he is currently receiving temporary total disability compensation. Defendants have not established that the need for shoulder surgery presents an emergency situation and defendants have not otherwise established good grounds to compel plaintiff to proceed with the shoulder surgery first. . N.C. Gen. Stat. § 97-25.
In the discretion of the Full Commission, IT IS THEREFORE ORDERED that defendants' motion to compel treatment to require plaintiff to proceed with shoulder surgery in this claim before his back surgery in another admittedly compensable claim is DENIED. Defendants shall pay the costs of this proceeding.
This the ___ day of February, 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ *Page 5 
 PAMELA T. YOUNG CHAIR
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1